UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**HECTOR LUIS HERNANDEZ-FERNANDEZ, PETITIONER;**

*Plaintiff*,

v.

**TODD M. LYONS, ACTING DIRECTOR OF US ICE; MIGUEL VERGARA, SAN ANTONIO FIELD OFFICE DIRECTOR, US IMMIGRATION AND CUSTOMS ENFORCEMENT; KIKA SCOTT, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR AT USCIS; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DHS; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, USCIS; AND WARDEN, SOUTH TEXAS ICE PROCESSING CENTER,**

*Defendants*.

Case No. 5:25-CV-00773-JKP

**O R D E R**

Before the Court is Petitioner Hector Luis Hernandez-Fernandez's ("Hernandez-Fernandez") Petition for Writ of Habeas Corpus. *ECF No. 1*. Due to similarities in this case and a case recently decided by U.S. District Judge Kathleen Cardone involving Respondent's same counsel, Lacy L. McAndrew, the Court orders the parties submit separate supplemental briefings.

**I.** *Lopez-Arevelo v. Ripa*

On September 21, 2025, Judge Cardone issued her Order granting in part Petitioner Enzzo Enmanuel de Jesus Lopez-Arevelo's ("Lopez-Arevelo"), Amended Petition for Writ of Habeas Corpus. *Lopez-Arevelo v. Ripa*, No. 3:25-CV-00337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025). Like Hernandez-Fernandez, Lopez-Arevelo is an asylum-seeker detained by Immigration and Customs Enforcement officers after reporting for immigration related obligations[1] and brings claims for release based upon violation of his Fifth Amendment Due Process rights.[2] *See* Cause No. 3:25-cv-00337, *ECF No. 1*; *see also ECF No. 1*. As here, Respondents argued Lopez-Arevelo's claims are premature because he did not exhaust administrative remedies, the Court lacks jurisdiction to review the government's decisions, and his pre-removal detention is not unconstitutionally prolonged or indefinite. *See* Cause No. 3:25-cv-00337, *ECF No. 1*; *see also ECF No. 1*. Judge Cardone found Lopez-Arevelo had "no further requirement to exhaust administrative remedies," that "none of Respondents' jurisdictional arguments are availing," and that "a growing number of district courts across the county have found holding people like Lopez-Arevelo in mandatory detention without a bond hearing likely constitutes a due process violation." *Lopez-Arevelo*, 2025 WL 2691828, at *5–12. Ultimately, Judge Cardone ordered "Respondents shall either: (1) provide Lopez-Arevelo with a bond hearing before an [immigration judge], at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Lopez-Arevelo's continued detention; or (2) release Lopez-Arevelo from custody, under reasonable conditions of supervision." *Id. at *13*.

---

[1] Immigration and Customs Enforcement ("ICE") agents detained Lopez-Arevelo following his appearance at removal hearing, (*See* Cause No. 3:25-cv-00337, *ECF No. 1 at 13*). ICE agents detained Hernandez-Fernandez following a required check-in appointment. *ECF No. 1 at 4*.

[2] The Court notes Hernandez-Fernandez also is alleging violation of the Administrative Procedures Act. *ECF No. 1 at 6–9.*

Accordingly, the parties are **ORDERED** to file separate supplemental briefings **no later than Friday, October 3, 2025, at 3:00 p.m.** addressing (1) what, if any, factors distinguish Hernandez-Fernandez's case from Lopez-Arevelo's; and (2) why the Court should not reach the same outcome as Judge Cardone in the instant case.

## II.  Hernandez-Fernandez's Administrative Procedure Act Claims

The Court notes one factor that distinguishes Hernandez-Fernandez's case from Lopez-Arevelo's case is Hernandez-Fernandez also asserts claims for violation of the Administrative Procedure Act in his Petition for Writ of Habeas Corpus, and also attorney's fees under the Equal Access to Justice Act ("EAJA"). *See ECF No. 1*. In their Response, Respondent's point out one "cannot pay the minimal habeas fee and pursue non-habeas relief" and further that the Fifth Circuit no longer recognizes EAJA fees in the habeas context. *ECF No. 8 at 2 n.2* (citing *Ndudzi v. Castro*, No. 5:20-CV-0492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020); *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), *cert. denied sub nom. Gomez Barco v. Witte*, 144 S. Ct. 553 (2024)). In his Reply, Petitioner did not respond to these claims. *See ECF No. 9*.

Accordingly, Hernandez-Fernandez is **ORDERED** to address in his supplemental briefing whether he is still pursuing these claims. If so, he shall provide legal authority for their basis.

It is so ORDERED.
SIGNED this 25th day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE